**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| SANDRA COLLIER, | ) | |
| | ) | |
| Plaintiff, | ) | **TRIAL BY JURY DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | **Case No. 3:22-cv-01107** |
| COMPREHENSIVE BEHAVIORAL HEALTH | ) | |
| CENTER OF ST. CLAIR COUNTY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, Sandra Collier, by and through her undersigned counsel, and for her causes of action against Defendant, states as follows:

### NATURE OF CASE

1.     This is an action for gender discrimination pursuant to 42 U.S.C. § 2000e, *et seq.* (Title VII of the Civil Rights Act of 1964).

### JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

### PARTIES & VENUE

3.     Sandra Collier (hereinafter "Plaintiff" or "Ms. Collier") is a resident and citizen of Madison County, Illinois.

4.     Comprehensive Behavioral Health Center of St. Clair County, Inc. (hereinafter "Defendant" or "CBHC"), is an Illinois not-for-profit corporation with its principal place of business located at 505 S. 8th Street, East St. Louis, Illinois, in St. Clair County, Illinois, and the conduct at issue occurred at CBHC.

5.      Defendant is an "employer" within the definition of 42 U.S.C. § 2000e(b).

6.      As such, venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## COUNT I – VIOLATION OF TITLE VII

7.      Defendant is a community mental health center which provides behavioral healthcare, youth parenting supports, and substance misuse treatment.

8.      Plaintiff worked for Defendant from January 4, 2010, until December 31, 2021.

9.      Throughout her employment, Plaintiff performed her duties in a satisfactory or above manner.

10.     Plaintiff was initially employed as a Therapist II and was progressively promoted to Clinical Director on January 3, 2017.

11.     In December 2019, Defendant hired Brian Stewart as a fiscal manager for Defendant and promoted Mr. Stewart to Chief Operating Officer by April 2020.

12.     At all relevant times herein, Joseph Harper was acting as executive director for Defendant.

13.     Defendant, by and through its agents, created a hostile and discriminatory work environment by committing the following:

> (a)     failing to follow its own policies and practices in promoting a current employee to fill the vacancy of the executive director and suggesting that the agency "had to do something different" from promoting another African American woman into the position;
>
> (b)     failing to follow its own policies in the creation and hiring of administrative positions, including the chief operating officer position, which precluded Plaintiff from applying for said positions and jobs;
>
> (c)     consistently making sexist and gender jokes in the presence of Plaintiff and others while working, including, but not

limited to, suggesting that a female nurse dressed in an evil fairy Halloween costume was dressed as herself;

(d)     consistently making derogatory comments about women in the presence of Plaintiff and others while working, including, but not limited to, that women were "too opinionated" and needed to "play nice";

(e)     failing to compensate Plaintiff in a fair manner compared to her male counterparts;

(f)     approaching Plaintiff and other female employees in a physically aggressive manner on numerous occasions; and

(g)     accusing Plaintiff of not fulfilling her job duties because, as a woman, she wanted to avoid confrontational environments.

14.     Due to the above-mentioned incidents, Plaintiff addressed the above with her direct supervisor, Joseph Harper.  However, Mr. Harper failed to exercise reasonable care to prevent and promptly correct the sexually harassing behavior.

15.     After Mr. Stewart was hired in 2019, Mr. Harper began having management meetings with Mr. Stewart and not including Plaintiff, despite her role as clinical director.

16.     Without providing any reasoning as to why, Mr. Stewart, who indicated he was acting on behalf of Mr. Harper, began questioning nearly all of Plaintiff's requests to staff members or requests regarding funding.

17.     The above conduct made it nearly impossible for Plaintiff to complete her job duties.

18.     Defendant, by and through its agents, has engaged in intentional gender discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, Plaintiff's constructive termination.

19.     Defendant's conduct violates Title VII.

20.     Plaintiff filed a timely Charge of Discrimination alleging gender discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"), which is attached hereto as Plaintiff's Exhibit 1.

21.     Plaintiff satisfied all statutory prerequisites for the filing of this action.

22.     On March 31, 2022, Plaintiff received "Determination and Notice of Rights" from the EEOC, which is attached hereto as Plaintiff's Exhibit 2.

23.     Plaintiff has filed this action under Title VII within 90 days after receipt of her "Notice of Your Rights to Sue" letter from the EEOC.

24.     Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

25.     Defendant's conduct has also caused Plaintiff to suffer from emotional and mental distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

26.     Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff prays for a judgment as follows:

(a)     the Court grant full back and front pay to Plaintiff;

(b)     the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendant's conduct;

(c)     the Court grant Plaintiff all punitive damages for Defendant's malicious and recklessly indifferent conduct;

(d)     the Court grant Plaintiff expenses of litigation, including reasonable attorney's fees, pursuant to the Title VII (42 U.S.C. § 1988); and

(e)     the Court grant Plaintiff all other relief which it deems fit.

**PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

**WENDLER & ZINZILIETA, P.C.**

By: /s/Angie M. Zinzilieta
Brian M. Wendler, IL #6196124
Angie M. Zinzilieta, IL #6322894
900 Hillsboro Ave., Suite No. 10
Edwardsville, Illinois 62025
Phone: (618) 692-0011
Fax:     (618) 692-0022
Email: wendlerlawpc@gmail.com
*Attorneys for Plaintiff*